# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JOHN DERAFFELE,

        Plaintiff,

        v.

HON. JUDGE HUGH JONES,
et al.,

        Defendants.

CIVIL ACTION NO. 4:20-cv-02427

(SAPORITO, M.J.)

## <u>MEMORANDUM</u>

This federal civil rights action was commenced when the plaintiff, John DeRaffele, filed his fee-paid *pro se* complaint on December 28, 2020. (Doc. 1.) The complaint names three defendants: (a) Hon. Hugh Jones, a judge on the Northumberland County Court of Common Pleas; (b) Jamie Saleski, the Prothonotary of Northumberland County; and (c) Mark Lemon, law clerk to Judge Jones. The plaintiff claims that these three defendants violated his due process rights in connection with a landlord-tenant action in state court.

The defendants, appearing through counsel, have filed two separate motions to dismiss the action for failure to state a claim upon which relief can be granted. (Doc. 12; Doc. 15.) Both motions are fully briefed and ripe

for decision. (Doc. 13; Doc. 16; Doc. 25; Doc. 26.)

## I.   BACKGROUND

DeRaffele is the owner of a rental property located on South Front Street in Milton, Pennsylvania. The property had been leased to a non-party tenant, but the lease expired on November 30, 2019. On November 29, 2019, DeRaffele sent a 30-day notice to terminate tenancy, but the tenant refused to vacate the property.

DeRaffele filed a landlord-tenant complaint in state magisterial district court. *See DeRaffele v. Gamache*, Docket No. MJ-08302-LT-0000108-2019 (Northumberland Cty. (Pa.) Magis. Dist. Ct. filed Dec. 23, 2019).[1] On January 9, 2020, the state magisterial district court entered judgment of possession in favor of DeRaffele. The tenant appealed to the court of common pleas.

On February 24, 2020, DeRaffele filed his complaint in the court of common pleas, together with an affidavit of service. Prior to filing it, DeRaffele had spoken with someone in the Prothonotary's Office who

---

[1] A district court may properly take judicial notice of state court records. *See* Fed. R. Evid. 201; *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Ernst v. Child & Youth Servs. of Chester Cty.*, 108 F.3d 486, 498–99 (3d Cir. 1997): *Pennsylvania v. Brown*, 373 F.2d 771, 778 (3d Cir. 1967).

directed him to their website for the necessary forms. In April 2020, DeRaffele filed a praecipe for default judgment, On May 27, 2020, the court of common pleas entered judgment of possession in favor of DeRaffele.

On June 8, 2020, the tenant, now represented by counsel, filed a motion to reinstate the appeal. On July 1, 2020, the court of common pleas reinstated the appeal and directed DeRaffele to file a typewritten reply affidavit. On July 14, 2020, DeRaffele submitted his typewritten reply affidavit, in compliance with the state court's order.

Later, in September 2020, DeRaffele inquired about the status of his case. He learned that the reply affidavit was received by the prothonotary, but it allegedly was not forwarded to the presiding judge. DeRaffele asked the prothonotary, defendant Saleski, how to resubmit the reply affidavit, but she refused to answer his questions, informing him that she was not permitted to give legal advice to *pro se* litigants.

DeRaffele followed up with a phone call and letter to Judge Jones's law clerk, defendant Lemon. In response, DeRaffele received a letter, dated October 20, 2020, in which Lemon advised DeRaffele that that he could not answer any questions, give any legal advice, or otherwise

engage in *ex parte* communications with a litigant.

DeRaffele then filed a petition for a writ of mandamus in the Commonwealth Court of Pennsylvania, seeking an order directing the state court trial judge to enter an order stating "whether he was accepting or not accepting [the typewritten reply affidavit], [and] if the case was dismissed or not dismissed." *See DeRaffele v. Jones*, Docket No. 597 MD 2020 (Pa. Commw. Ct. filed Nov. 2, 2020).[2] Ultimately, his mandamus petition was transferred to the Supreme Court of Pennsylvania for jurisdictional reasons, where it was summarily denied. *See id.* (order of Oct. 7, 2021, transferring petition); *DeRaffele v. Northumberland Cty. Court of Common Pleas Judge*, Docket No. 126 MM 2021 (Pa. filed Oct. 29, 2021) (order of Jan. 27, 2022, denying petition).[3]

In the meantime, DeRaffele had filed a second landlord-tenant complaint in state magisterial district court. *See DeRaffele v. Gamache*, Docket No. MJ-08302-LT-0000032-2020 (Northumberland Cty. (Pa.) Magis. Dist. Ct. filed Nov. 12, 2020).[4] On November 19, 2020, the state

---

[2] *See supra* note 1.

[3] *See supra* note 1.

[4] *See supra* note 1. We note that the plaintiff neglected to mention this second landlord-tenant suit at all in his *pro se* federal complaint, *(continued on next page)*

magisterial district court entered judgment of possession in favor of DeRaffele. *Id.* The tenant appealed to the court of common pleas, but her appeal was unsuccessful. *See id.* (docket entry of July 14, 2021). On September 8, 2021, pursuant to DeRaffele's request, the state magisterial district court issued an order for possession. *Id.* The state court docket indicates that the order for possession was successfully served. *Id.*

## II.  LEGAL STANDARDS

### A. Rule 12(b)(1) Standard

The plaintiff bears the burden of establishing the existence of subject matter jurisdiction under Rule 12(b)(1). *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A defendant may challenge the existence of subject matter jurisdiction in one of two fashions: it may attack the complaint on its face or it may attack the existence of subject matter jurisdiction in fact, relying on evidence beyond the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Where a defendant attacks a complaint as

---

which was filed on December 28, 2020, while all of these state court proceedings remained pending.

deficient on its face, "the court must consider the allegations of the complaint as true." *Mortensen*, 549 F.2d at 891. "In deciding a Rule 12(b)(1) facial attack, the court may only consider the allegations contained in the complaint and the exhibits attached to the complaint; matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies; and 'undisputably authentic' documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss." *Medici v. Pocono Mountain Sch. Dist.*, No. 09-CV-2344, 2010 WL 1006917, at *2 (M.D. Pa. Mar. 16, 2010). However, when a motion to dismiss attacks the existence of subject matter jurisdiction in fact, "no presumptive truthfulness attaches to plaintiff's allegations," and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. This case falls into the latter category. *See Sourovelis v. City of Philadelphia*, 103 F. Supp. 3d 694, 700 (E.D. Pa. 2015) ("A challenge for mootness is properly brought by a Rule 12(b)(1) motion, and constitutes a factual attack on the jurisdictional facts; thus, the court may consider evidence outside the pleadings."); *Democracy Rising PA v. Celluci*, 603 F. Supp. 2d

780, 787 n.10 (M.D. Pa. 2009) (applying Rule 12(b)(1) standard to mootness arguments).

### B. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting

*Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

## III.   DISCUSSION

DeRaffele claims that the conduct of these three defendants violated his Fourteenth Amendment due process rights, made actionable by 42 U.S.C. § 1983.[5] He seeks an award of damages and injunctive relief. Specifically, his request for injunctive relief includes: (1) an order by this federal court granting him possession of the rental property at issue in the underling state court proceedings; (2) an order instructing the defendant state court officials on the appropriate distinction between legal advice, which they cannot properly give to litigants, and "answering

---

[5] The *pro se* complaint also references his Fifth Amendment due process rights, but the Fifth Amendment's due process clause has no application to the facts of this case, which involve state actors only. *See Bergdoll v. City of York*, 515 Fed. App'x 165, 170 (3d Cir. 2013); *Aubrecht v. Pa. State Police*, 389 Fed. App'x 189, 193 n.4 (3d Cir. 2010).

questions regarding forms, status of cases[,] or directions," to which he claims they can properly respond; and (3) an order instructing the defendant state court officials to provide instructions and forms to *pro se* litigants similar to the forms and instructions provided by this federal district court.

## A. Injunctive Relief in the Form of an Order for Possession

We turn first to one element of the injunctive relief requested by the *pro se* plaintiff. For relief, DeRaffele has requested that this federal court enter an order granting him possession of the rental property at issue. Although neither set of defendants has raised this particular issue in their motions, on our own initiative, we must consider the threshold question of whether the plaintiff's claim for injunctive relief should be dismissed as moot. *See Seneca Res. Corp. v. Twp. of Highland*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of . . . mootness sua sponte."); *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) ("[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them."); *Gordon v. E. Goshen Twp.*, 592 F. Supp. 2d 828, 837 (E.D. Pa.

2009) (raising mootness issue sua sponte).

Here, it is clear from publicly available state court records that, since filing this suit, DeRaffele has received the particular state court relief he sought—an order for possession. Thus, because DeRaffele has received the injunctive relief he originally sought, his claim for this particular form of prospective relief must be dismissed as moot. *See, e.g.*, *McLaughlin v. NDOC*, Case No. 2:18-cv-01562-GMN-EJY, 2020 WL 3432532, at *4 (D. Nev. June 23, 2020) ("Plaintiff already received from the Nevada state court the injunctive relief he seeks from this Court. For this reason, Plaintiff's injunctive relief claim is moot and must be dismissed."); *see also Hollihan v. Pa. Dep't of Corr.*, 159 F. Supp. 3d 502, 509 (M.D. Pa. 2016); *Parkell v. Morgan*, 47 F. Supp. 3d 217, 222 n.3 (D. Del. 2014).

Accordingly, the plaintiff's claim for injunctive relief in the form of an order for possession will be dismissed as moot and for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## B. Official-Capacity Claims for Monetary Damages

We next turn to the *pro se* plaintiff's claims for damages against the

defendants in their official capacities. With respect to each of the three named defendants, the plaintiff's *pro se* complaint expressly indicates that his claims are brought against them in their official capacities.[6] But the plaintiff has failed to state a claim for monetary damages against these three state court officials in their *official* capacities as a matter of law. *See Kunkle v. Naugle*, 660 Fed. App'x 132, 135 (3d Cir. 2016); *see also Hafer v. Melo*, 502 U.S. 21, 26 (1991) ("State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them."); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.").

Accordingly, the plaintiff's claims for monetary damages against the defendants in their official capacities will be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6)

---

[6] The plaintiff did not mark the corresponding boxes to indicate that he was suing these defendants in their personal capacities as well, but given his damages claims, we have liberally construed the complaint to assert his claims against them in *both* their official and personal capacities. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions).

of the Federal Rules of Civil Procedure.

### C. Personal-Capacity Claims Against Judge Jones

The plaintiff has asserted personal-capacity claims against Judge Jones, the state common pleas court judge who presided over the appeal of his initial landlord-tenant action. These claims are clearly barred by the doctrine of absolute judicial immunity.

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). "Like other forms of official immunity, judicial immunity is immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). "[S]o long as (1) the judge's actions are taken in his judicial capacity (determined by the nature of the acts themselves) and (2) the judge has some semblance of jurisdiction over the acts, he will have immunity for them." *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 660 (E.D. Pa. 2014) (citing *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768–69 (3d Cir. 2000); *see also Mireles*, 502 U.S. at 11–12. Indeed, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be

subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)). "This immunity applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles*, 502 U.S. at 12 (quoting *Bradley*, 80 U.S. (13 Wall.) at 347).

Based on the allegations of the *pro se* complaint, the plaintiff's claims against Judge Jones *exclusively* concern judicial acts taken by Jones in his role as presiding judge in the plaintiff's state court landlord-tenant proceedings, and no acts alleged were taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 12–13; *Gallas*, 211 F.3d at 768–69; *Mikhail*, 991 F. Supp. 2d at 660. Thus, the plaintiff's claims for damages against this state court judge must be dismissed on the ground of absolute judicial immunity. Any claims for injunctive relief

against the judge similarly must be dismissed. *See* 42 U.S.C. § 1983 (generally prohibiting injunctive relief against judicial officers); *Ball v. Butts*, 445 Fed. App'x 457, 458 (3d Cir. 2011) (per curiam) (holding that a request for injunctive relief "was subject to dismissal [for failure to state a claim] because such relief is not available against 'a judicial officer for an act . . . taken in such officer's judicial capacity'"); *Azubuko*, 443 F.3d at 303–04 ("In 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'").

Accordingly, the plaintiff's claims against Judge Jones in his personal capacity will be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### D. Personal-Capacity Claims Against Saleski and Lemon

The plaintiff has asserted personal-capacity claims against defendants Saleski, the county prothonotary, and Lemon, law clerk to Judge Jones. The plaintiff contends that, in refusing to answer his

questions and provide him with procedural guidance, these defendants violated his Fourteenth Amendment right to due process. Based on the injunctive relief he has requested, he appears to further contend that due process requires the prothonotary to provide more fulsome or comprehensive procedural instructions or forms to *pro se* litigants.

DeRaffele's claim is entirely meritless. While it no doubt would have been helpful to him to receive the requested information, and it likewise would have been helpful for the prothonotary to have posted more fulsome and comprehensive instructions and forms for *pro se* litigants on her website, there is simply no federal constitutional right to such assistance. *See McKaskle v. Wiggins*, 465 U.S. 168, 183–84 (1984) ("A [*pro se* litigant] does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure. Nor does the Constitution require judges to take over chores for a *pro se* [litigant] that would normally be attended to by trained counsel as a matter for course."); *see also Pliler v. Ford*, 542 U.S. 225, 231 (quoting *McKaskle*); *Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000) (quoting *McKaskle*). "To put it another way, *pro se* litigants do not have a right—constitutional, statutory, or

otherwise—to receive how-to legal manuals from judges." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 246 (3d Cir. 2013) (rejecting *pro se* litigant's claim that federal district court should have provided him with a *pro se* manual).

Accordingly, the plaintiff's claims against defendants Saleski and Lemon in their personal capacities will be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### E. Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction applies equally to *pro se* plaintiffs and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). In this case, based on the facts alleged in the complaint and information from publicly available state court records, it is clear that

amendment would be futile.[7] *See Jones v. SCO Family of Servs.*, 202 F. Supp. 3d 345, 350 n.4 (S.D.N.Y. 2016) (considering evidence outside the pleadings for limited purpose of whether to grant leave to amend); *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1078 (C.D. Cal. 2009) ("A court may consider factual allegations outside of the complaint in determining whether to grant leave to amend."); *U.S. Fire Ins. Co. v. United Limousine Serv., Inc.*, 303 F. Supp. 2d 432, 445 (S.D.N.Y. 2004). Therefore, the plaintiff's claims will be dismissed *without* leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the motions to dismiss will be granted and this action will be dismissed.

Dated: March 11, 2022                    ***s/Joseph F. Saporito, Jr.***
                                         JOSEPH F. SAPORITO, JR.
                                         United States Magistrate Judge

---

[7] In particular, we note that, notwithstanding the allegedly wrongful conduct of the defendants, the plaintiff was ultimately able to obtain the desired aim—a state court order for possession.